```
                                                    ┌─────────────────────────────────┐
                                                    │ USDC SDNY                       │
                                                    │ DOCUMENT                        │
UNITED STATES DISTRICT COURT                        │ ELECTRONICALLY FILED            │
SOUTHERN DISTRICT OF NEW YORK                       │ DOC #: _____         │
--------------------------------------------X       │ DATE FILED:  MAR 1 3 2014       │
                                                    └─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

SILVIA T. TIBURCIO, on behalf of J.E.T.,          :
                                                  :
                              Plaintiff,          :          13 Civ. 2877 (KBF)
                                                  :
            -v-                                   :          ORDER
                                                  :
COMMISSIONER OF SOCIAL SECURITY,                  :
                                                  :
                              Defendant.          :
---------------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

 Before the Court is defendant's unopposed motion to remand this action to

the Social Security Administration ("SSA") for further proceedings.  For the

following reasons, the Court GRANTS defendant's request and remands this action

to the SSA.

I. BACKGROUND

 On February 24, 2011, plaintiff pro se Silvia T. Tiburcio filed an application

for childhood disability benefits on behalf of her minor son J.E.T., alleging that he

became disabled as of January 7, 2009.  (Tr. 84–93, 117–26.)  On June 17, 2011, the

Commissioner of the Social Security ("the Commissioner") denied her application.

(Tr. 49–55.)  Plaintiff requested a hearing before an administrative law judge

("ALJ").  (Tr. 57–59.)  On February 8, 2012, plaintiff appeared and testified, with

her son and his father present, at a hearing before ALJ Patrick Kilgannon.  (Tr. 25–

48.)  On February 23, 2012, the ALJ issued a decision finding that J.E.T. was not

disabled under the Social Security Act.  (Tr. 9–21.)

Plaintiff commenced this action under 42 U.S.C. § 405(g) to obtain judicial review the Commissioner's decision. (See Compl., ECF No. 2.) On December 12, 2013, the Commissioner filed a motion to remand pursuant to 42 U.S.C. § 405(g), in which she requested that her decision be reversed and that plaintiff's claim be remanded to the SSA for further proceedings. (See Mem. of L. in Supp. of Commissioner's Mot. for Remand ("Def.'s Mot.") 1, 7, ECF No. 23.) Plaintiff did not oppose that motion.[1]

The administrative record in this case is replete with evidence of J.E.T.'s impairments. For example:

- Ivette Ortiz, a bilingual speech-language supervisor, found that J.E.T. demonstrated "very poor phonological abilities and poor to very poor overall receptive and expressive language skills as compared to his age-peers," and recommended special education services (Tr. 184, 189);

- Cassie Green, a speech-language pathologist, diagnosed J.E.T. with a "moderate to severe receptive and expressive language disorder," and recommended speech-language therapy (Tr. 160);

- Dr. William Lathan, a consultative physician, diagnosed a history of learning disability (Tr. 330);

---

[1] On January 7, 2014, plaintiff filed an affirmation labeled "in opposition" to defendant's motion. (See Pl.'s Aff. 2, ECF No. 24.) However, that affirmation in fact requested that the Court find her son to be disabled. (See id. at 1–2.) The Court therefore construes plaintiff's affirmation to further support her request for reversal of the Commissioner's decision. See Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions "to raise the strongest arguments they suggest.") (citations and internal quotation marks omitted).

- Christina M. Laureano, a consultative speech-language pathologist, found that J.E.T. exhibited "moderate to severe delays" in communication and that his language skills were "1-2 and more years below expected" (Tr. 335, 336);

- Dr. Edward Hoffman, a consultative psychologist, diagnosed learning problems (Tr. 339);

- Dr. Mariela B. Camejo, a speech and language specialist, recommended speech and language therapy (Tr. 361); and

- Dr. Chandra Shaker, a pediatrician, testified that J.E.T.'s impairments included learning difficulty disorder, speech and language problems, and walking difficulty (Tr. 44).

II.    DISCUSSION

Pursuant to the fourth sentence of 42 U.S.C. § 405(g), this Court has "the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." A remand for further proceedings pursuant to sentence four of § 405(g) is appropriate when an ALJ has failed to provide a full and fair hearing, to make explicit findings, or to apply the law and regulations correctly. <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 101 (1991); <u>see also</u> <u>Rosa v. Callahan</u>, 168 F.3d 72, 82–83 (2d Cir. 1999).

Defendant moved to remand this case because the ALJ did not properly evaluate two of the six domains of functioning: "using and acquiring information" and "interacting and relating with others." 20 C.F.R. § 416.926a(b). Under the

Commissioner's regulations, the ALJ was required to determine whether the evidence showed "marked" limitations in two domains of functioning or "extreme" limitations in one. 20 C.F.R. § 416.926a(a). Here, the ALJ found that J.E.T. had "less than marked" limitations in both of these domains. (Tr. 16, 17.)

According to the Commissioner's regulations, the domains of using and acquiring information and interacting and relating with others both require that the ALJ consider the claimant's use of language. See 20 C.F.R. § 416.926a(g)(1)(ii) (thinking involves "using language"); 20 C.F.R. § 416.926a(i) (interaction involves developing and using "language" and "words"); Kittles v. Barnhart, 245 F. Supp. 2d 479, 489 (E.D.N.Y. 2003) ("[A] child's problems with speech and language now need to be assessed in both the 'acquiring and using information' domain as well as the 'interacting and relating with others' domain . . . .").

Here, the ALJ failed to consider evidence of speech and language delays in his discussion of the evidence in the record. (See Tr. 16, 17.) While the ALJ did survey some medical evidence in the record (see Tr. 12–15), he failed to evaluate the claimant's severe speech and language limitations (see Tr. 16–18). In particular, the ALJ failed to consider the various speech and language evaluations described above, which showed the equivalent of marked or extreme limitations in J.E.T.'s speech and language skills. (See, e.g., Tr. 159 (receptive and expressive language skills that were "greater than 2 standard deviations from the mean"), 160, 184 ("very poor phonological abilities and poor to very poor overall receptive and expressive language skills"), 189, 335, 336, 361.) The extent of the record evidence indicating

J.E.T.'s speech and language difficulty warrants a remand for a more extensive evaluation.

Rather than consider that evidence, the ALJ improperly relied on the opinion of Dr. Shaker, who testified at the hearing that J.E.T. had "less than marked" limitations in all domains of functioning.  (Tr. 45, 46.)  The ALJ stated that he gave "great weight" to Dr. Shaker's opinion and that her opinion was "well-supported by the evidence in the record."  (Tr. 15, 16).  However, the ALJ failed to address the aforementioned record evidence suggesting that J.E.T.'s limitations were more severe than "less than marked."  He therefore lacked substantial evidence to support his decision.

For these reasons, this action is REMANDED to the Commissioner for further proceedings, so that the Commissioner may properly evaluate the record evidence according to applicable regulations.[2]

SO ORDERED.

Dated:   New York, New York
         March 13, 2014

_____
KATHERINE B. FORREST
United States District Judge

CC: Silvia T. Tiburcio
    1268 Grand Concourse Apt. B52
    Bronx NY 10456
    PRO SE

---

[2] The errors in this case warrant remand for further proceedings only, and not for payment of benefits.  A remand for payment is warranted only in rare circumstances in which the record contains "persuasive proof of disability."  Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980).  That is not the case here.